UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY ARLENE TURNER,<br><br>                Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>                Defendant. | **Case No. 1:14-cv-1482-EPG**<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I.   INTRODUCTION

Plaintiff , Kelly Arlene Turner ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Erica P. Grosjean, United States Magistrate Judge.[1]

## II.   BACKGROUND AND PRIOR PROCEEDINGS[2]

Plaintiff was 52 years old at the time of the hearing. AR 44.   AR 38.  She has a GED and most recently worked as an in-home care aid assisting her cousin in 2008. AR 51-52, 64.

Plaintiff filed an application for SSI on December 20, 2010, alleging disability due to

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 7, 8, 10.)
[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

osteoarthritis, hypertension, bronchial asthma, extreme obesity, anxiety and depression. AR 191. Her application was denied initially on July 8, 2011, and on reconsideration on November 2, 2011. AR 40, 107, 114. A hearing was conducted before Administrative Law ("ALJ") Sharon Madsen (the "ALJ") on October 4, 2012. AR 40-75. On December 7, 2012, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled. AR 21-30. Plaintiff filed an appeal of the decision with the Appeals Council. AR 18. The Appeals Council denied her appeal, rendering the order the final decision of the Commissioner. AR 1-3.

Plaintiff now challenges that decision, arguing that: (1) the ALJ failed to give clear and convincing reasons for discounting Plaintiff's treating physician's opinion regarding her physical impairments; (2) the ALJ improperly evaluated the effects of Plaintiff's obesity; and (3) the ALJ erred by discounting the examining psychologist's opinion and finding Plaintiff's impairment was not severe. Doc. 14, pgs. 2-14). Plaintiff argues that these errors can only be addressed by remanding this case for further proceedings. In opposition, Defendant argues: (1) that the ALJ correctly evaluated the medical evidence; (2) the ALJ's analysis of Plaintiff's obesity was proper, and (3) the decision is supported by substantial evidence. (Doc. 15, pgs. 5-15). Upon a review of the administrative record, the Court finds the ALJ's decision is not supported by substantial evidence, and the case is remanded to the agency for further proceedings.

**III.   THE DISABILITY DETERMINATION PROCESS**

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work,[4] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)-(f).

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 30. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2010, the date her application was filed. AR 23. Further, the ALJ identified lumbar and cervical degenerative disc disease, obesity, and asthma as severe impairments, however, she found that Plaintiff's depression was not severe.[5] AR 23. The ALJ also determined that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 20.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour workday; occasionally climb, stoop, crouch, crawl, and frequently balance and kneel;

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c).

[4] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

[5] The ALJ also found that Plaintiff's hypertension, hepatitis C, and history of cocaine abuse were also not severe impairments, but these conditions are not reference in this discussion because they are not at issue in this appeal.

and that Plaintiff should avoid exposure to dust, gases, fumes, cold, wetness, and humidity. AR 24. Based on this RFC, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including a packaging line worker, a garment sorter, and a ampoule filler. AR 29.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. DISCUSSION

### A. The ALJ's Assessment of the Medical Opinions is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ improperly considered the medical evidence regarding Plaintiff's physical impairments. Specifically, Plaintiff is challenging the ALJ's reliance on Dr. Khong, a non-examining state agency physician's opinion, in lieu of Dr. Bhateja, her treating physician's opinion. Plaintiff argues that the medical evidence supports Dr. Bhateja's opinion, and that the ALJ failed to give clear and convincing reasons for rejecting the report. Plaintiff contends that by failing to obtain additional tests or evaluations to clarify any ambiguities in the record, the ALJ relied on her own lay opinion, which is improper. (Doc. 14, pgs. 2-8).

Defendant contends that the ALJ's assessment of the medical analysis is supported by substantial evidence, and the ALJ properly rejected Dr. Bhateja's opinion. Defendant also asserts that there is no evidence that Dr. Bhateja was Plaintiff's treating physician. In fact, it is not clear from the opinion that the doctor ever examined the Plaintiff and there was no medical basis for

the doctor's findings. (Doc. 15, pgs. 5-7).

### 1. The ALJ's Findings

When evaluating Plaintiff's physical impairments, the ALJ outlined Plaintiff's treatment by summarizing tests, MRI's, and x-rays. AR 26-28. When evaluating the doctors' opinion evidence, the ALJ states as follows:

> As for the opinion evidence, the State Agency consultant [Dr. Khong] opined that the claimant could lift and carry 20 pounds occasionally, and 10 pounds frequently, sit, stand, and walk for six hours in an 8 hour day, occasionally climb ladders, ropes, and scaffolds, stoop crouch, and crawl, and frequently climb ramps and stairs, balance, and kneel.  I give significant weight to this opinion as [it] is consistent with the medical evidence and the residual functional capacity as determined above.

Regarding the other doctors' opinions, the ALJ noted the following:

> Dr. Wagner opined that claimant could lift and carry 50 pounds occasionally and 25 pounds frequently, stand and walk up to six hours, and occasionally stoop, and should not work around extremes of temperature, chemicals, dust, fumes, or gases.  I give great weight to Dr. Wagner's opinion regarding [the] standing, walking, stooping, and environmental limitations, but little weight to his opinion regarding the lifting and carrying.

> Dr. Meera Bhateja opined that claimant can lift and carry 10 pounds occasionally and frequently, stand and walk for  about three hours, sit for about six [*sic*] hours in an 8 hour day, occasionally stoop, crouch, and climb stairs, and never climb ladders, and should not work with machinery that could cut him or cause him to fall.  I find that this opinion is not consistent with the minimal clinical findings and is given little weight.

AR 28 (citations omitted).

### 2. Legal Standards for Medical Opinions

The weight given to medical opinions depends in part on whether they are offered by treating, examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Lester*, 81 F.3d at 830. While a treating professional's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The regulations require the ALJ to weigh the contradicted treating physician opinion, *Edlund v. Massanari*, 253 F.3d 1152 (9th Cir. 2001), except that the ALJ need not give it any weight if it is conclusory and supported by minimal clinical findings. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); *see also Magallanes*, 881 F.2d at 751.

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Such independent reasons may include laboratory test results or contrary reports from examining physicians, and plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester,* 81 F.3d at 831*,* citing *Magallanes*, 881 F.2d at 751–55.

### 3. Analysis

Here, there is no dispute regarding the content of the medical records, or the doctors'

opinions. Instead, the parties are disputing the weight that the ALJ accorded the physicians' opinions, and the interpretation of the medical record. As a preliminary matter, the Court is not persuaded by Plaintiff's argument that the ALJ applied her own lay interpretation of the medical data. Instead, the ALJ summarized the medical record and relied on Dr. Khong's findings in lieu of Dr. Bhateja's opinion. AR 28. Similarly, because there are two conflicting medical opinions, contrary to Plaintiff's assertions that clear and convincing reasons are required, the ALJ is only required to provide specific and legitimate reasons for rejecting Dr. Bhateja's opinion. *Lester*, 81 F.3d at 830.

Notwithstanding the above, the ALJ's analysis is not supported by substantial evidence because the only reason given to reject Dr. Bhateja's opinion is that, "it is not consistent with the minimal clinical findings and is given little weight." AR 28. As noted above, an ALJ may rely on a non-examining physicians' opinion in certain circumstances. *See*, *Meanel*, 172 F. 3d at 1113 (treating physician's conclusory, minimally supported opinion rejected); *Magallanes*, 881 F.2d at 751. However, here, the ALJ did not identify the minimal clinical findings in Dr. Bhateja's opinion she found insufficient and why.

The Commissioner argues the ALJ properly rejected Dr. Bhateja's opinion because the only medical finding supporting the proposed limitations is that Plaintiff was "on blood thinner and risk of falls should not be taken." AR 501. Also, the Commissioner notes that there is no evidence that the doctor was Plaintiff's treating physician, and it is unclear whether the doctor even examined Plaintiff as part of the evaluation. (Doc. 15, pgs. 6-7). However, the ALJ did not rely on these factors as part of her analysis and the Court is not permitted to accept post hoc explanations for the ALJ. *Lewin v. Schweiker*, 654 F.2d 631, 634 35 (9th Cir. 1981). A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

Additionally, when giving Dr. Khong's opinion significant weight, the ALJ stated she was doing so because Dr. Khong's opinion, "is consistent with the medical evidence, and the RFC as determined above." AR 28. This is problematic because it is well established that a claimant's

7

RFC is "the most [the Claimant] can still do despite [his or her] limitation[s]." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). "The assessment of a RFC must be based on all the relevant evidence in [the claimant's] case record." *Id*. Furthermore, if the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted. SS 96-8. Here, the ALJ's reasoning is misplaced because she used the RFC she formulated as a basis to support Dr. Khong's limitations, rather than using the limitations outlined in Dr. Khong's opinion to formulate the RFC. Furthermore, although the ALJ did a thorough summary of the medical record in this case, it is unclear what portions of the summary the ALJ was relying on in claiming that the record supported Dr. Khong's findings. AR 26-28.

In light of the above, the ALJ's analysis of the physician opinions of Plaintiff's medical impairments is not supported by substantial evidence. The case will be remanded so the ALJ can more fully explain her reasoning for giving Dr. Khong's opinion greater weight, and why Dr. Bhateja's opinion was rejected. In remanding the case, the Court does not offer an opinion about whether additional examination or testing is required, or whether the ALJ's disability determination should altered, only that the record needs to be more fully developed so this Court can properly evaluate the ALJ's reasoning.

### B. Plaintiff's Obesity

Plaintiff argues that the ALJ improperly evaluated the effects of the Plaintiff's obesity. An evaluation of the ALJ's consideration of Plaintiff's obesity is dependent on weight the ALJ accords the medical evidence. Accordingly, if different medical evidence is presented on remand, the ALJ's obesity analysis may also change. However, based on the record currently before the Court, the ALJ's analysis of Plaintiff's obesity is supported by substantial evidence.

An ALJ is required to consider an individual's obesity at steps two through five of the sequential disability evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, obesity must be considered in combination with the individual's other impairments. *Id*. SSR 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." *Id*. Rather, "[the ALJ] will evaluate each case based on the information in the case record." *Id*. When the record does not contain evidence of functional limitation due to obesity, or

indicate that obesity exacerbated other impairments, the ALJ is not required to consider obesity in combination with other impairments. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *see also Garcia v. Comm'r of SSA*, 498 Fed. Appx. 710, 712 (9th Cir. 2012) (the ALJ's finding that obesity did not impact the RFC was proper where the Plaintiff "did not provide any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis") (internal quotation marks omitted); *Hoffman v. Astrue*, 266 Fed. Appx. 623, 625 (9th Cir. 2008) ("The ALJ's failure to consider Hoffman's obesity in relation to his RFC was proper because Hoffman failed to show how his obesity in combination with another impairment increased the severity of his limitations.").

In this case, the ALJ noted that Plaintiff weighs 230 pounds, is 5 feet 3 inches tall, and that Plaintiff's weight ranged from 220 to 258 pounds. AR 26, 28. The ALJ also found Plaintiff's obesity was a severe impairment, but noted that no doctor imposed any limitation based on her weight. AR 28. Plaintiff as not articulated any functional limitations a doctor has imposed because of her obesity, or demonstrated that her obesity exacerbated other impairments. Under these circumstances, the ALJ was not required to consider Plaintiff's obesity in combination with other impairments. Therefore, the ALJ's consideration of obesity was without legal error and is supported by substantial evidence.

### C. The ALJ Improperly Assessed Plaintiff's Mental Impairment at Step Two

Plaintiff challenges the ALJ's finding that Plaintiff's mental impairment was not severe. Specifically, Plaintiff argues that the ALJ improperly discounted the opinion of the consultative examining pyschologist, Dr. Gauch's, and as a result, the formulation of the RFC determination was improper. The Commissioner responds that the ALJ properly gave Dr. Gauch's report little weight because it was more restrictive than her examination supported, which is a proper basis to reject the opinion. Notably, the Commissioner does not specifically address the ALJ's analysis at step two.

#### *1. The ALJ's Findings*

The ALJ found Plaintiff's depression to be non-severe at step two of the disability analysis. The ALJ discussed the medical evidence regarding Plaintiff's mental impairment, and rejected the opinion of Dr. Gauch, Psy.D., a state agency consulting psychologist, who found that Plaintiff was incapable of managing her funds and had a poor ability to sustain an ordinary

9

routine without special supervision. AR 23, 439-440.  Dr. Gauch also opined that Ms. Turner had a fair ability to understand and remember very short and simple, instructions; could complete a normal workday and workweek without interruptions at a constant pace; deal with the various changes in the work setting; but had a fair likelihood of emotionally deteriorating in the work environment. AR 439-440.

The ALJ gave Dr. Gauch's findings little weight because "her opinion is more restrictive than her examination supports." AR 23, 435, 440.   In finding Plaintiff's depression was not severe, the ALJ also noted that the state agency consultants opined that Plaintiff did not have any severe impairments (AR 323-333; 441-444), and that Plaintiff did not seek out any mental health treatment. AR 23.

### 2. *Legal Standard for Evaluating Whether an Impairment is Severe*

At step two of the five-step sequential disability inquiry, the Commissioner determines "whether medical evidence establishes an impairment or combination of impairments of such severity as to be the basis of a finding of inability to engage in any [substantial gainful activity]." SSR 85-28, 1985 WL 568556 (1985) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c).  Under Social Security regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit [an individual's] physical or mental ability to do basic work activities."[6]  20 C.F.R. §§ 404.1521(a), 416.921(a).  Social Security Ruling ("SSR") 85-28 further clarifies that an impairment or combination of impairments is "not severe" when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities *which would have no more than a minimal effect on an individual's ability to work* even if the individual's age, education, or work experience were specifically considered." SSR 85-28, 1985 WL 568556 (1985) (emphasis added); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28); *Thune v. Astrue*, 499 Fed.Appx. 701, 703 (2012) (an impairment

---

[6] Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs," including physical functions (such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling); capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 140.1521(b), 416.921(b).

can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work). Put differently, the step two severity inquiry is a "de minimus screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

When the severity of a mental impairment is at issue, the regulations require a state agency reviewing physician to rate the claimant's functional limitations in four broad areas (activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation). The ALJ's written decision must then address the reviewing physician's findings in relation to his or her determination at step two of the analysis. SSR 96-8p, 1996 WL 374184 (1996); 20 C.F.R. §§ 404.1520a(c)(3) and (e), 416.920a(c)(3) and (e); *Keyser v. Commissioner of Social Security*, 648 F. 3d 721, 725 (9th Cir. 2011). If the degree of functional limitations in the first three functional areas is rated as "none" or "mild" and "none" in the fourth area, the impairment is generally considered not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, the ALJ gave little weight to Dr. Gauch's opinion because she felt the doctor's limitations were more restrictive than her examination results. Contrary to Plaintiff's assertions, this is a legitimate and specific reason to reject the opinion because the ALJ noted several areas where Plaintiff's evaluation was within normal limits including Plaintiff's stream of mental activity, her speech form, and that Plaintiff's ability to complete a normal workday and workweek without interruptions at a constant pace was fair. AR 23-24.

However, the troubling aspect of the ALJ's analysis is the application of the psychiatric review technique ("PRT") pursuant to 20 C.F.R. § 416.920a. Although the ALJ did the PRT analysis in the decision, a review of the PRT form completed by the state agency doctor is incomplete - the doctor makes an assessment that Plaintiff's mental impairment is non-severe on the first page, but the rest of the form is blank. AR 323-333. This is problematic because the doctor never rated Plaintiff in the four functional areas before making the non-severity finding. This is not in compliance with the regulations that require that the assessment in the four areas be

11

performed in order for the severity determination to be made. 20 C.F.R. §416.920a(d) ("Use of the technique to evaluate mental impairments. After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s)"). When finding that Plaintiff's impairment was not severe, the ALJ relied in part on the fact that state agency consultants opined that Plaintiff did not have a severe impairment. AR 23, 323-333, 441-444. However, only one state agency doctor, Dr.Vea, found Plaintiff's depression was not severe, and this was based on an incomplete form, which is not consistent with the regulations. 20 C.F.R. §416.920a(e) ("the [s]tate agency medical or psychological consultant has overall responsibility for assessing medical severity. A [s]tate agency disability examiner may assist in preparing the standard document. However, our medical or psychological consultant must review and sign the document to attest that it is complete and that he or she is responsible for the content, including the findings of fact and any discussion of supporting evidence"). This is especially relevant because the ALJ rejected Dr. Gauch's opinion part, based on Dr. Vea's non-severity finding. AR 23.

Furthermore, in finding that Plaintiff's mental impairment was not severe, the ALJ noted that Plaintiff had not sought out any mental health treatment (AR 23), however, this finding is not supported by the record. Plaintiff reported that she is being seen by a therapist. AR 57, 61, 66, 436. She also testified that has been taking Zoloft for many years, which is supported by the record. AR 66, 284, 301, 305, 317, 381-383.

An error at step two is harmless if the ALJ considered the alleged impairment in the subsequent analysis. *Lewis v. Apfel*, 498 F.3d 909, 911 (9th Cir. 2007). In this instance, however, the ALJ never addressed Plaintiff's depression elsewhere in the opinion, and did not incorporate any limitations related to Plaintiff's mental impairments into the RFC. Therefore, the case will be remanded for the ALJ to order any additional evaluations related to Plaintiff's mental impairments that she deems necessary, and to re-evaluate the medical evidence regarding Plaintiff's mental impairment at step two and other steps of the disability determination process as appropriate.

///

## VI. REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS

Given the above, the Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits or whether this action should be remanded to this Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin,* 759 F. 3d 995, 1021 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

In this case, the ALJ did not give specific and legitimate reasons for rejecting Dr. Bhateja's opinion. The Court finds that remand for further administrative proceedings is necessary to further develop the record in this area. Additionally, the ALJ shall re-examine the PRT form and process, order further evaluations if needed, and reevaluate Plaintiff's mental impairment at step two, incorporating any limitation into the five step disability evaluation as appropriate.

///
///
///
///
///
///
///
///
///

## VII.  CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that the Plaintiff is not disabled as defined by the Social Security Act is not supported by substantial evidence in the record as a whole, and is not based on proper legal standards.  Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff, Kelly Arlene Turner, and against Carolyn W. Colvin, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  **February 16, 2016**          /s/ Erica P. Grosjean
                            UNITED STATES MAGISTRATE JUDGE